UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT SCOTT HERNANDEZ,

     Plaintiff,

                                  Case No. 1:25-cv-822

v.

                                  Hon. Hala Y. Jarbou

DALE BONN, et al.,

     Defendants.
_____/

## ORDER

On May 15, 2026, Magistrate Judge Maarten Vermaat issued a Report and Recommendation that the Court grant Defendant Nielsen's motion to dismiss the complaint against him and/or enter summary judgment in his favor. (R&R, ECF No. 20.) Plaintiff Hernandez has filed objections to the R&R (ECF No. 21).

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

Hernandez filed this case against two prison officials, Warden Dale Bonn and Quartermaster B. Nielsen. The Court dismissed Bonn for failure to state a claim. (9/24/2025 Op., ECF No. 4.) Nielsen filed a motion for summary judgment.[1] Hernandez did not respond to the motion.

---

[1] Nielsen titled the motion as a motion to dismiss under Rule 12(b)(6) and for summary judgment under Rule 56. However, the motion relies upon evidence outside the complaint, so it is properly construed as a motion for summary judgment.

After reviewing the motion, the magistrate judge concluded that Hernandez's claims for conduct occurring before July 24, 2022,[2] are untimely.  (R&R 5.)  As to Hernandez's remaining claims, which stem from Nielsen's alleged failure to provide Hernandez with clean linens between August 2021 and August 2022, the magistrate judge concluded that those claims should be dismissed because Plaintiff failed to exhaust available administrative remedies.  (*Id.* at 13–17.) Evidence presented by Nielsen shows that Hernandez pursued three relevant grievances through all three stages of the grievance process.  (Step III Grievance Rep., ECF No. 14-3.)  Two of those grievances were plainly inadequate to exhaust issues supporting the claims against Nielsen.

Hernandez filed one grievance in July 2022 about not receiving care for "ring worm like sores" on his body, but that grievance did not mention Nielsen or any conduct by him, so it did not exhaust Hernandez's claims.  (R&R 16.)

Hernandez objects that it is not necessary to name a prison official in a grievance, citing *Bell v. Konteh*, 450 F.3d 651 (6th Cir. 2006), but that case held otherwise under existing precedent. *See id.* at 653 ("[U]nder our precedent a grievance must identify each defendant eventually sued."), *abrogated by Jones v. Bock*, 549 U.S. 199, 218–19 (2007).  Moreover, that case involved Ohio prison policy.  Hernandez must comply with MDOC policy, which required him to name the individuals involved.  *See Walker v. Washington*, No. 23-2104, 2025 WL 1145719, at *2 (6th Cir. Apr. 15, 2025) ("[I]f the applicable state grievance procedures require a prisoner to identify prison officials by name and identify each claim grieved, such identification is necessary to properly exhaust administrative remedies under the PLRA.").

---

[2] The magistrate judge apparently relied on the date the Court docketed the complaint rather than the date Hernandez mailed it.  He mailed the complaint on July 21, 2025.  (ECF No. 1, PageID.14.)  For pro se prisoners like Hernandez, the date of mailing is deemed the date of filing.  *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).

On the other hand, Hernandez did not name anyone in that grievance (Grievance ICF 22-07-0786-12E2, ECF No. 14-2, PageID.156), yet the MDOC reviewed it on the merits (Step II Response, ECF No. 14-3, PageID.155).   Consequently, the MDOC waived the naming requirement.  *See Walker*, 2025 WL 1145719, at *3.  Thus, the grievance properly exhausted Hernandez's remedies as to the issues in that grievance.  That said, the magistrate judge is correct that this grievance does not exhaust Hernandez's claims *against Nielsen* because it does not have anything to do with Nielsen.  Instead, it takes issue with the conduct of medical staff who did not respond to Hernandez's medical kites about having ringworm.  That grievance does not provide notice of a claim about Nielsen.

Hernandez filed a grievance about Nielsen in September 2024, but the MDOC rejected that grievance at Step I of the grievance process because it was vague and untimely and Hernandez had not attempted to resolve the issue with prison staff; that decision was upheld at Steps II and III. (R&R 17.)  "Proper exhaustion requires a prisoner to comply with the grievance procedures established by his prison."  *Richard v. Winn*, No. 23-1429, 2024 WL 4765302, at *2 (6th Cir. May 29, 2024).   Because Hernandez did not comply with the prison's grievance procedures, and because prison officials did not overlook that lack of compliance by reviewing the merits of his grievance, this grievance did not properly exhaust his claim.  *Cf. Reed-Bey v. Pramstaller*, 603 F.3d 322, 325 (6th Cir. 2010) ("When prison officials decline to enforce their own procedural requirements and opt to consider otherwise-defaulted claims on the merits, so as a general rule will we.").

Hernandez contends that the grievance process was unavailable for two reasons:  (1) prison officials prevented him from using it by denying grievance forms and improperly rejecting grievances; and (2) the process was so opaque that an ordinary prisoner could not navigate it.  But

he provides no evidence to support his first assertion, and no argument to support the second. Indeed, the fact that he pursued multiple grievances through Step III of the grievance process indicates that the process was available to him.

However, neither the R&R nor Nielsen's motion for summary judgment adequately address Grievance ICF-22-0874-28e, which Hernandez apparently submitted to the prison on August 17, 2022, asserting that Nielsen had denied his request for new linens on July 14, 2022. (Step III Grievance Report, ECF No. 14-3, PageID.138; Step I Grievance, ECF No. 14-3, PageID.151.)  The MDOC reviewed this grievance on the merits and considered it "resolved" as of August 30, 2022.  (Step I Grievance Resp., ECF No. 14-3, PageID.152.)  Nielsen has not provided a copy of the Step II grievance appeal or Step II response.  However, Nielsen provided a copy of the Step III response, which states that "the rejection is upheld."  (Step III Grievance Decision, ECF No. 14-3, PageID.149.)  Thus, the evidence indicates that Hernandez pursued this grievance through all three steps of the grievance process.

Nielsen has not satisfied his burden of showing that Hernandez failed to comply with proper grievance procedures when exhausting this grievance *and* that the MDOC rejected his grievance for that reason.  Although the grievance was untimely when filed, the MDOC waived that requirement at Step I by reviewing his grievance on the merits.  *See Reed-Bey*, 603 F.3d at 325.  Nielsen provides no evidence regarding what the MDOC decided at Step II.[3]  The Step III response alludes to a rejection of the grievance at Step II, but it is not clear what happened at Step II.  Consequently, the Court cannot conclude from the evidence that Hernandez failed to properly exhaust the claim in that grievance.

---

[3] Nielsen asserts in his summary judgment brief that Hernandez did not include the Step II response with this Step III appeal and that the MDOC does not have any record of receiving a Step II appeal.  (Def.'s Br. 6 n.4, ECF No. 14.) These assertions are not evidence, so the Court does not consider them for purposes of deciding whether Nielsen has met his evidentiary burden.

Moreover, contrary to Nielsen's argument, the claim at issue in the foregoing grievance is not barred by the three-year statute of limitations.  Assuming Hernandez filed his complaint on July 21, 2025, which is the date he mailed it, he can assert claims for conduct dating back to July 21, 2022, absent tolling.  Here, his grievance apparently asserts that Nielsen denied him linens on July 14, 2022.  Although that claim falls outside the three-year period, it is timely due to tolling.  Neither Nielsen nor the magistrate judge properly considered that Hernandez is entitled to tolling for the time during which he exhausted his claim through the grievance process.  *See Surles v. Anderson*, 678 F.3d 452, 458 (6th Cir. 2012).  Nielsen argues that this tolling rule should not apply because Hernandez did not pursue his grievance with diligence.  He filed his grievance on August 17 for an event that occurred in the middle of July.  Nielsen analogizes this tolling rule to equitable tolling in the habeas context, which requires a petitioner to show diligence in asserting their habeas remedies.  So far as the Court can tell, however, the Sixth Circuit has never required diligence as a prerequisite for tolling the statute of limitations while administrative remedies are exhausted.  Instead, it has relied solely on the fact that the PLRA mandates exhaustion before bringing suit.  *See Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000).    Thus, Nielsen's argument is unsupported.  The Court declines to add a diligence requirement that is not found in Sixth Circuit authority.

Applying tolling here, July 21, 2022, is *not* the earliest date on which Hernandez's claim could have accrued for it to be timely.  If, for instance, Hernandez attempted to exhaust his grievance remedies from August 17, 2022 (when he apparently filed his Step I Grievance about Nielsen) to January 18, 2023 (when the MDOC issued its Step III response), he would be entitled to approximately five months of tolling.  Consequently, if Nielsen denied Hernandez linens on July 14, 2022, that claim is timely.  Therefore, the Court will deny Nielsen's motion to the extent

5

he contends that he is entitled to dismissal of all claims that accrued before July 21, 2022.  The Court recognizes that *some* parts of Hernandez's claim may be untimely.  Even five months of tolling would not be enough to cover the one-year period beginning in August 2021 during which Nielsen allegedly denied Hernandez clean linens.  But at this stage, the Court will not decide the appropriate cutoff date for Hernandez's claims because Nielsen has not properly argued it.  For now, the Court concludes that some aspects of the claim are timely and can proceed.

In addition, the Court will deny the motion to the extent it argues that Hernandez failed to properly exhaust his remedies.  As discussed above, Nielsen has not met his burden on this issue.

On the other hand, the Court agrees with Nielsen that there is no genuine dispute that Hernandez pursued only three relevant grievances through all three stages of the grievance process, and two of those grievances did not exhaust any claims against Nielsen.  The July 2022 grievance regarding ringworm and the September 2024 grievance regarding Nielsen did not properly exhaust Hernandez's claims against Nielsen.  The first was unrelated to Nielsen and the second was rejected as untimely.

Accordingly,

**IT IS ORDERED** that the R&R (ECF No. 20) is **ADOPTED IN PART** and **REJECTED IN PART** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the motion for summary judgment (ECF No. 13) is **GRANTED IN PART** and **DENIED IN PART**.  The motion is granted insofar as it contends that there are only three relevant grievances through which Hernandez could have exhausted his claims, and two of those grievances did not properly exhaust Hernandez's claims against Nielsen.  But the motion is denied insofar as it argues that all claims accruing before July 21, 2022, are untimely,

and that Grievance ICF-22-0874-28e did not properly exhaust Hernandez's claims.  Nielsen has

not shown an absence of a genuine dispute of material fact on the latter issues.


Dated: June 25, 2026                          /s/ Hala Y. Jarbou
                                              HALA Y. JARBOU
                                              CHIEF UNITED STATES DISTRICT JUDGE